United States District Court
Northern District of California

1

2

3

4

5      IN THE UNITED STATES DISTRICT COURT

6      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    JEFFREY N WEISS,                          Case No. 20-cv-08124-CRB

9             Plaintiff,
                                               **ORDER DENYING MOTION FOR A**
10        v.                                   **PRELIMINARY INJUNCTION AND**
                                               **GRANTING MOTION TO DISMISS**
11   AMERICAN ACADEMY OF
     OPHTHALMOLOGY, INC.,
12
              Defendant.
13

14        Plaintiff Dr. Jeffrey Weiss is suing Defendant American Academy of

15   Ophthalmology, Inc. (AAO).  Dr. Weiss alleges that AAO has been conducting an ethics

16   investigation of Dr. Weiss without following AAO's established procedures, and that his

17   potential termination or suspension from membership in AAO would thus violate his "right

18   to fair procedure" under California law.  Dr. Weiss has moved for a preliminary injunction

19   that would enjoin AAO from taking any further action in its investigation.  AAO has

20   moved to dismiss this suit as unripe and for failure to state a claim for which relief may

21   granted.  Because the Court lacks jurisdiction over Dr. Weiss's right to fair procedure

22   claim, and Dr. Weiss's complaint does not state any other claim for which relief may be

23   granted, the Court denies Dr. Weiss's motion for a preliminary injunction and grants

24   AAO's motion to dismiss with leave to amend.  The Court determines that there is no need

25   for oral argument.

26   **I.    BACKGROUND**

27        Dr. Weiss, a Florida resident, is an ophthalmologist and a member of AAO.  See

28   Complaint (dkt. 1) ¶¶ 3, 8.  He "conducts medical research to develop treatments for

United States District Court
Northern District of California

various medical conditions, including those causing vision impairment and blindness." Id. ¶ 8. In 2013, Dr. Weiss designed a study "involving the isolation of autologous bone marrow derived stem cells . . . and the transfer of those cells to the eyes" to restore sight to visually impaired patients. Id. ¶ 14. In 2015, Dr. Weiss designed a second study "to continue to investigate the benefits" of this bone marrow derived stem cell treatment methodology. Id. ¶ 15. Dr. Weiss alleges that both studies were annually reviewed and approved by the "Institutional Review Board (IRB) maintained by the International Cellular Medical Society." Id. ¶ 16.

AAO's "Code of Ethics" includes "Principles of Ethics," "Rules of Ethics," and "Administrative Procedures." Id. ¶ 10. Under the Administrative Procedures, an Ethics Committee has authority to investigate whether an AAO member has violated the Rules of Ethics. Id. ¶ 11. The Committee must investigate "objectively and without prejudgment," and the AAO member under investigation must receive notice of "the factual details of the challenge with sufficient particularity to permit the . . . member to respond to the challenge and prepare any necessary defense." Id. ¶ 12.

Dr. Weiss alleges that on July 24, 2017, the AAO Ethics Committee informed Dr. Weiss that it was concerned about his studies and asked Dr. Weiss to answer ten questions about them. See id. ¶ 18. After Dr. Weiss responded with answers, the Committee informed Dr. Weiss that it wished to review his research to assess his compliance with the AAO's Rules of Ethics. Id. ¶ 20. AAO was concerned about potential violations of several Rules of Ethics, including Rule 3. Id. ¶¶ 20–21. At the time, Rule 3 required that any research be approved by "appropriate review mechanisms." Id. ¶ 22. Dr. Weiss explained to AAO that his research was approved by IRB. Id.

Dr. Weiss alleges that on May 1, 2018, the Committee "began a formal challenge into Dr. Weiss's compliance" with the Code of Ethics. Id. ¶ 24. The Committee expressed concern about "research protocols," the "scientific basis for the studies," "participation fees," and "advertisement" of the studies. Id. The Challenge also requested "objective documentation" of the results of the studies. Id. In his response, Dr. Weiss stated that he

was unable to understand the nature of the charges against him and requested that the Committee disclose the factual details of the Challenge with enough particularity for him to respond and prepare any necessary defense.  Id. ¶ 25.  Dr. Weiss alleges that the Committee "did not disclose the factual basis of the challenge" in response.  Id. ¶ 26. Although the Committee stated that it was not challenging the "scientific basis" of the research, it requested specific information relating to the results of the studies.  Id. ¶ 27. Dr. Weiss turned over more than 40,000 pages of raw patient data, but did not send the Committee a requested "dataset analysis."  Id. ¶¶ 27, 28.

The Committee has not made any final decisions regarding the Challenge.  See id. ¶¶ 30–34.  On October 22, 2020, the Committee informed Dr. Weiss that it would hold a virtual hearing on November 21, 2020 to address Dr. Weiss's alleged non-observance of two Rules of Ethics (including Rule 3).  Id. ¶ 31.  Dr. Weiss alleges that the Committee intended to conduct a "sham hearing" and then "overrule the wisdom and reject the process of the IRB" without the authority to do so.  Id.  The Complaint does not describe any events that occurred during or after this planned hearing.  Dr. Weiss maintains that he has not violated any Rules of Ethics, and alleges that "by pursuing this inquisition, the Committee has signaled that the outcome of the process is predetermined—Dr. Weiss will be found 'guilty'—but that it must go through the motions of feigning a 'fair' trial first." Id. ¶ 30.  Although Dr. Weiss does not allege that the Committee has taken direct action against him as a result of its investigation, Dr. Weiss alleges that the Committee has nonetheless "mortally damaged" his medical practice by failing to follow its own confidentiality rules.  Id. ¶ 33.

On November 18, 2020, Weiss sued AAO, alleging that AAO is violating Dr. Weiss's "right of fair procedure" under California law.  See id. at 11.  On December 11, 2020, Dr. Weiss moved for a preliminary injunction.  See Mot. for Injunction (dkt. 14). Dr. Weiss argues that under California Law, AAO cannot terminate or suspend his membership "in an arbitrary manner that did not follow the organization's established procedures."  Complaint at 10.  And Dr. Weiss seeks to enjoin AAO from continuing with

3

1    the ethics inquiry.  See Mot. for Injunction at 5.  AAO has moved to dismiss.  See Mot. to

2    Dismiss (dkt. 17).

3    **I.      LEGAL STANDARD**

4         **A.      Jurisdiction**

5              Under Article III of the U.S. Constitution, the Court has jurisdiction over only

6    "cases" and "controversies."  U.S. Const. Art. III.  If a plaintiff lacks standing, there is no

7    Article III case or controversy, and the Court thus lacks jurisdiction.  See, e.g., Spokeo,

8    Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).  To have standing, a plaintiff must establish

9    (1) that he has suffered an injury in fact, (2) that his injury is fairly traceable to a

10   defendant's conduct, and (3) that his injury would likely be redressed by a favorable

11   decision.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).  To establish

12   the first of these elements, a plaintiffs must demonstrate "'an invasion of a legally

13   protected interest' that is 'concrete and particularized' and 'actual or imminent, not

14   conjectural or hypothetical.'"  Spokeo, 136 S. Ct. at 1548 (quoting Lujan, 504 U.S. at 560).

15             Similarly, "ripeness doctrine is drawn both from Article III limitations on judicial

16   power and from prudential reasons for refusing to exercise jurisdiction."  Nat'l Park

17   Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003) (citation omitted).

18   Ripeness is "designed to separate matters that are premature for review because the injury

19   is speculative and may never occur from those cases that are appropriate for federal court

20   action."  Wolfson v. Brammer, 616 F.3d 1045, 1057 (9th Cir. 2010) (citation omitted).

21   "Ripeness has both constitutional and prudential components."  Id.  The constitutional

22   component "overlaps" with Article III's "injury in fact" analysis, and requires determining

23   "whether the issues presented are definite and concrete, not hypothetical or abstract."  Id.

24   (citation omitted).  The prudential component requires considering "the fitness of the

25   issues for judicial decision and the hardship to the parties of withholding court

26   consideration."  Id. (quoting Abbot Labs v. Gardner, 387 U.S. 136, 149 (1967)).

27             A request for a declaratory judgment necessarily implicates these Article III

28   considerations.  The Declaratory Judgment Act gives federal courts discretion to "declare

United States District Court
Northern District of California

4

the rights and other legal relations of any interested party seeking such declaration," but only "[i]in a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Thus, in determining whether it should issue a declaratory judgment, a court "must first inquire whether there is an actual case or controversy within its jurisdiction." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2009). If there is, the Court must then "decide whether to exercise its jurisdiction." Id. At the first step, the case or controversy requirement is "identical to Article III's case or controversy requirement." Id. (quoting American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994)). "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject matter jurisdiction." Id. The question is whether "there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. at 671 (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). At the second step, in determining whether to exercise its jurisdiction to issue a declaratory judgment, the district court "must balance concerns of judicial administration, comity, and fairness to litigants." Id. at 672 (citation omitted).

### B.    Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies when a complaint lacks either "a cognizable legal theory" or "sufficient facts alleged" under such a theory. Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and

United States District Court
Northern District of California

1   draw all reasonable inferences in favor of the nonmoving party." <u>Usher v. City of Los</u>

2   <u>Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987). "[C]ourts must consider the complaint in its

3   entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6)

4   motions to dismiss, in particular, documents incorporated into the complaint by reference,

5   and matters of which a court may take judicial notice." <u>Tellabs, Inc. v. Makor Issues &</u>

6   <u>Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).

7       If a court dismisses a complaint for failure to state a claim, it should "freely give

8   leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  A court has

9   discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the

10   part of the movant, repeated failure to cure deficiencies by amendment previously allowed,

11   undue prejudice to the opposing party by virtue of allowance of the amendment, [and]

12   futility of amendment." <u>Leadsinger, Inc. v. BMG Music Pub.</u>, 512 F.3d 522, 532 (9th Cir.

13   2008).

14       c.   **Motion for Preliminary Injunction**

15       The parties dispute whether the Court should apply the California standard for

16   granting a preliminary injunction or the Ninth Circuit's standard.  <u>See</u> Mot. for Injunction

17   at 12–13; Opp. to Mot. for Injunction at 6 & n.1.  But the Court need not resolve this

18   dispute.  Both standards require the Court to examine a plaintiff's likelihood of success on

19   the merits.  <u>See</u> Mot. for Injunction at 13 (citing <u>Common Cause v. Bd. Of Supervisors</u>, 49

20   Cal. 3d 432, 443 (1989)); Opp. to Mot. for Injunction at 6 n.1 (citing <u>Winter v. Natural</u>

21   <u>Res. Defense Council, Inc.</u>, 555 U.S. 7, 22 (2008)).  As discussed below, the Court lacks

22   jurisdiction over Dr. Weiss's right to fair procedure claim, and Dr. Weiss does not

23   otherwise state a claim for which relief may be granted.  Therefore, Dr. Weiss's claims

24   have no chance of success on the merits, such that the Court would deny his motion for a

25   preliminary injunction under either standard.

26   **II.   DISCUSSION**

27       Dr. Weiss has not stated a claim for relief over which this Court has jurisdiction.

28   Dr. Weiss's claim under California law is not ripe because that law provides a cause of

1   action for the wrongful termination of some benefit; Dr. Weiss does not allege that he has

2   experienced any such termination, the future possibility of which is speculative.  Dr. Weiss

3   does allege that his practice has already been harmed by the Commission's investigation—

4   but Dr. Weiss has neither asserted a cause of action nor cited any substantive law that

5   might entitle him to relief based on this harm.  Thus, to the extent the Court has

6   jurisdiction over this case, Dr. Weiss's Complaint fails to state a claim for which relief

7   may be granted.

8           **A.     Motion to Dismiss**

9           The Court lacks jurisdiction over Dr. Weiss's claim that AAO has violated Dr.

10  Weiss's "right of fair procedure" because AAO intends to terminate or suspend his

11  membership.  Complaint ¶¶ 37, 39.  Dr. Weiss characterizes his right of fair procedure as

12  applying when "a private organization withdraws an important benefit [or] privilege that it

13  has already conferred."  Complaint ¶ 37 (citing Curran v. Mount Diablo, 147 Cal. App. 3d

14  712, 722 (1983)).  But based on Dr. Weiss's own allegations, AAO's inquiry is ongoing.

15  See id. ¶¶ 30–34.  Even if AAO has violated its own internal procedures during that

16  inquiry—an issue the Court need not address—Dr. Weiss has suffered no termination or

17  suspension of any benefits or privileges.  Therefore, Dr. Weiss has not suffered any injury

18  relevant to his "right of fair procedure" cause of action, and lacks standing to pursue this

19  claim.

20          To the extent that Dr. Weiss argues AAO will terminate or suspend his AAO

21  membership in the future, the claim is not yet ripe.  Any harm that Dr. Weiss may suffer at

22  the conclusion of the inquiry is entirely "hypothetical" and "abstract."  Wolfson, 616 F.3d

23  at 1057.  The Court is unwilling to assume that Dr. Weiss's allegations establish that AAO

24  will imminently both conclude that he has engaged in wrongdoing and sanction Dr. Weiss

25  in any particular way.  And the Court would have difficulty examining whether AAO's

26  future sanction of Dr. Weiss violated AAO's procedures when that sanction is yet to occur.

27          Dr. Weiss's request for a declaratory judgment does not change this conclusion.

28  Because Dr. Weiss's claim fails to satisfy the requirements of standing and ripeness, it

United States District Court
Northern District of California

7

1    does not present an Article III case or controversy and does not fall within the Court's

2    jurisdiction under the Declaratory Judgment Act.  See Principal Life Ins. Co., 394 F.3d at

3    669.

4          The Court acknowledges that Dr. Weiss's other allegations could establish standing

5    to bring some other claim against AAO, if such a claim were authorized by law.  Dr. Weiss

6    alleges that his medical practice has already suffered financially due to the Commission's

7    investigation.  See Complaint ¶ 33.  In that sense, Dr. Weiss alleges that he has already

8    suffered a concrete financial injury, caused by AAO, which could be remedied by a

9    favorable judicial decision.  See Lujan, 504 U.S. at 560–61.  But Dr. Weiss has not

10   attempted to argue or cite any authority establishing that a person currently subject to an

11   internal organizational inquiry may sue based on associated financial harm; instead, he

12   relies exclusively on the "right of fair procedure."  Complaint ¶ 37.

13         The Court thus grants AAO's motion to dismiss with leave to amend.  If Dr. Weiss

14   wishes to assert a claim based on the harm to his practice, he will need to amend his

15   Complaint and identify some authority for such a claim.  And if Dr. Weiss has suffered any

16   additional harms that could give rise to jurisdiction over his right of fair procedure claim,

17   Dr. Weiss may amend his complaint with new allegations.

18         **B.     Motion for Preliminary Injunction**

19         Because the Court lacks jurisdiction over Dr. Weiss's claim under California's

20   "right of fair procedure," and Dr. Weiss has not otherwise stated a claim for which relief

21   may be granted, Dr. Weiss has not shown a likelihood of success on the merits.  Thus, the

22   Court denies his motion for a preliminary injunction.

23   **III.   CONCLUSION**

24         For the foregoing reasons, the Court grants AAO's motion to dismiss.  Because it is

25   possible that Dr. Weiss could allege facts that give rise to a valid cause of action against

26   AAO, the Court grants Dr. Weiss leave to amend his complaint.  See Leadsinger, 512 F.3d

27   at 532.  Dr. Weiss may file an amended complaint within 30 days from the date of this

28   order.  The Court denies Dr. Weiss's motion for a preliminary injunction.

United States District Court
Northern District of California

8

**IT IS SO ORDERED.**

Dated: January 15, 2021



CHARLES R. BREYER
United States District Judge